

**Dated: July 19, 2018.**

_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**

___

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 11-10670-TMD |
| JEFFREY JAY BAESSLER | § | |
|     Debtor. | § | CHAPTER 7 |

| | | |
|---|---|---|
| GT DAVE, | § | |
|     Plaintiff, | § | |
| | § | ADV. NO. 11-01188-TMD |
| v. | § | |
| | § | |
| JEFFREY JAY BAESSLER, | § | |
|     Defendant. | § | |

### MEMORANDUM OPINION

Three years ago, a California state court found that Baessler, acting with the intent to deceive, made false representations that Dave reasonably relied on to his detriment. Based on that finding, the state court entered judgment on several legal theories, including one theory that did not require proof of an intent to deceive. Does the state court's finding bind the bankruptcy court in a subsequent suit to determine whether the judgment can be discharged?

1

I. Facts

   A. A house in Beverly Hills.

In the fall of 2006, Dave hired Baessler to remodel Dave's house in Beverly Hills, CA.[1] The parties agreed that Dave would pay for the costs of the house, plus a "management fee" of fifteen percent of all house-related expenses.[2] But things fell apart; not only were the expenses paid by Dave not what Baessler claimed they were, Baessler himself was not what he claimed to be.

   B. Dave sues in state court, and wins at trial and on appeal.

After this came to light, Dave sued Baessler in California state court, claiming Baessler had fraudulently overcharged for the house and had misrepresented himself as a licensed contractor.[3] After a trial that lasted ten days,[4] the state court found that Baessler intentionally overcharged Dave in vendor fees and management fees and that Dave had overpaid based on Baessler's misrepresentations.[5] The court also found that Baessler intentionally misrepresented that he was a licensed contractor, that Dave relied on that representation by hiring Baessler to build the house, and that Baessler's lack of qualification as a contractor led to faulty construction that required costly repairs.[6]

The state court also found that Baessler used these ill-gotten funds for his personal benefit. He built a home in Texas, he bought and remodeled properties in Los Angeles, he bought cars and boats, he invested in retirement accounts, and he paid property taxes.[7]

---

[1] Mot. Summ. J., ECF No. 30, Ex. 2:2.
[2] Mot. Summ. J., ECF No. 30, Ex. 2:2; Resp. Mot. Summ. J., ECF No. 51, Ex. A:1.
[3] Mot. Summ. J., ECF No. 30, Ex. 4:9-12.
[4] Mot. Summ. J., ECF No. 30, Ex. 5:2 (appellate decision).
[5] Mot. Summ. J., ECF No. 30, Ex. 2:27.
[6] Mot. Summ. J., ECF No. 30, Ex. 2:29.
[7] Mot. Summ. J., ECF No. 30, Ex. 2:16.

Based on this set of findings, the state court ruled that Baessler was liable for deceit (California Civil Code § 1709), fraudulent concealment (California Civil Code § 1710), actual fraud (California Civil Code § 1572), and contractor fraud (California Business and Professions Code § 7160).[8] It then awarded Dave $2.4 million for compensatory damages, $879,000 for attorney's fees, and a separate award of $850,000 for punitive damages, making the total judgment $4.1 million.[9]

On appeal, Baessler challenged the trial court's finding of justifiable reliance and the award of attorney's fees.[10] But the appellate court held that there was substantial evidence of reasonable and justifiable reliance, and substantial evidence to support the award of attorney's fees.[11] So it affirmed the trial court's judgment.[12]

C.  **Meanwhile, Baessler files for bankruptcy.**

Amid the state court litigation, Baessler filed for bankruptcy under chapter 7 of the Bankruptcy Code.[13] Dave then filed this adversary proceeding asserting that his claims against Baessler are nondischargeable.[14] This proceeding was then abated until the state court litigation concluded.[15] After the appellate court affirmed the state court judgment, Dave filed this motion for summary judgment.[16]

---

[8] Mot. Summ. J., ECF No. 30, Ex. 2:10-11, 29-33.
[9] Mot. Summ. J., ECF No. 30, Ex. 1:2; Ex. 2:33.
[10] Mot. Summ. J., ECF No. 30, Ex. 5:2.
[11] Mot. Summ. J., ECF No. 30, Ex. 5:19-21.
[12] Mot. Summ. J., ECF No. 30, Ex. 5:19-21.
[13] *In re Baessler*, No. 11-10670 (filed Mar. 23, 2011).
[14] Compl., ECF No. 1.
[15] Order Abating, ECF No. 22.
[16] Mot. Summ. J., ECF No. 30. To be granted summary judgment, the movant must show that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

3

## II. Analysis

In his motion, Dave argues that his claims against Baessler are nondischargeable under section 523(a)(2)(A) based on the doctrine of collateral estoppel.[17] Section 523(a)(2)(A) prevents debtors from discharging "any debt . . . for money . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud . . . ."[18]

### A. Collateral Estoppel

Under the doctrine of collateral estoppel, a party cannot re-litigate an issue already determined by a court in a prior proceeding.[19] Federal courts follow the collateral estoppel rules of the court that issued the prior judgment.[20] Under California law, collateral estoppel applies if:

(1) the issue is identical to that in the prior case;
(2) the issue was actually litigated;
(3) the issue was necessarily decided;
(4) the decision was final and on the merits; and
(5) the party sought to be bound by the prior proceeding was the same or in privity with the party in the former proceeding.[21]

And a prior determination only binds a party if consistent with the underlying policies of collateral estoppel.[22]

Here, the only elements Baessler challenges are the "necessarily decided" element and the public policy element.[23]

---

[17] Dave also moved for summary judgment under section 523(a)(4) and (6), but because this debt is nondischargeable under section 523(a)(2)(A), there is no need to decide whether the debt is nondischargeable under sections 523(a)(4) or (6). *Plitt Int'l v. Heckler (In re Heckler)*, No. 13-01077, 2014 WL 1491325, at *7-8 (Bankr. W.D. Tex. Apr. 15, 2014).
[18] 11 U.S.C. § 523(a)(2)(A).
[19] *Higgs v. Colliau*, 1:17-CV-572-LY, 2018 WL 2007531, at *1-2 (W.D. Tex. Apr. 27, 2018); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979).
[20] *Schwager v. Fallas (In re Schwager)*, 121 F.3d 177, 181 (5th Cir. 1997).
[21] *Higgs*, 2018 WL 2007531, at *2; *Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990).
[22] *Lucido*, 795 P.2d at 1226-27.
[23] Resp. Mot. Summ. J., ECF No. 51, 6.

4

To begin, the fraud findings of the state court, the elements of section 523(a)(2)(A), and the elements of California fraud, called deceit, are

| State court findings of fraud | 11 U.S.C. § 523(a)(2)(A) | California common law fraud; deceit |
|---|---|---|
| (1) Baessler made representations about the amounts due and that he was a qualified general contractor; | (1) The debtor made a representation; | (1) misrepresentation (false representation, concealment, or nondisclosure); |
| (2) Baessler knew the representations were false; | (2) the debtor knew the representation was false; | (2) knowledge of falsity; |
| (3) Baessler made the representations with the intention and purpose of deceiving Plaintiff and inducing him to pay the overcharges | (3) the debtor made the representation with the intent to deceive the creditor; | (3) intent to defraud– to induce reliance; |
| (4) Dave reasonably[24] relied on those representations by paying the overcharges; | (4) the creditor actually and justifiably relied on the representation; | (4) justifiable reliance; |
| (5) Dave suffered losses as a proximate result of Baessler's representations.[25] | (5) the creditor sustained a loss as a proximate result of its reliance.[26] | (5) resulting damage.[27] |

Since the elements of deceit "closely mirror" those required to determine whether a debt is nondischargeable under section 523(a)(2)(A),[28] the findings that support Baessler's liability for deceit also support a finding that the debt is nondischargeable in his bankruptcy case.

---

[24] The court found "reasonable" reliance, when the requirement was "justifiable" reliance, without an explanation for the discrepancy. Mot. Summ. J., ECF No. 30, Ex. 2:10, 27. That said, reasonable reliance is generally a higher level of reliance than justifiable. *Field v. Mans*, 516 U.S. 59, 72-73 (1995). In any event, the appellate court affirmed findings of both reasonable and justifiable reliance. Mot. Summ. J., ECF No. 30, Ex. 5:18-19.

[25] Mot. Summ. J., ECF No. 30, Ex. 2:10-11, 27.

[26] *In re Acosta*, 406 F.3d 367, 372 (5th Cir. 2005). A false representation is not always required for a debt to be nondischargeable under section 523(a)(2)(A). *Husky Int'l Elecs., Inc. v. Ritz*, 136 S. Ct. 1581, 1588 (2016) (holding that actual fraud encompasses fraudulent conveyance schemes that involve no false representation).

[27] *Engalla v. Permanente Medical Group, Inc.* 938 P.2d 903, 917 (Cal. 1997); *Lazar v. Superior Court*, 909 P.2d 981, 984–85 (Cal. 1996); Cal. Civil Code § 1709.

[28] *In re Montgomery*, 489 B.R. 609, 622 (Bankr. N.D. Ga. 2013) ("The factual findings of the California Superior Court with respect to the requisite elements of the concealment or deceit claim closely mirror the elements of section 523(a)(2)(A)").

5

But Baessler says that collateral estoppel shouldn't apply because the state court's judgment was also supported by several other independent grounds including contractor fraud, and contractor fraud doesn't require an intent to deceive.[29] And in fact, California's contractor fraud statute reads, "any person who is induced to contract for a work of improvement . . . in reliance on false or fraudulent representations or *false statements knowingly made*, may sue and recover from such contractor . . . ."[30]

As a "false statement knowingly made" would not require a finding of intent to deceive, Baessler argues that such a finding was not "necessarily decided" and should not have collateral estoppel effect.[31] In other words, the intent to deceive finding wasn't necessary because the state court could have hypothetically reached the same judgment by merely finding "a false statement knowingly made."[32]

1. **Judgments based on alternative grounds; doubts about the approach taken by the Restatement (Second) of Judgments.**

Baessler's argument, that judicial estoppel is unavailable when a judgment is based on alternative grounds, is supported by Comment *i* to Restatement (Second) of Judgments.[33] And California courts often look to this Restatement when applying collateral estoppel rules.[34] Yet before the adoption of the Second Restatement, if a judgment in a prior proceeding was based on

---

[29] Resp. Mot. Summ. J., ECF No. 51, 9-10.
[30] Cal. Bus. & Prof. Code § 7160 (emphasis added).
[31] Resp. Mot. Summ. J., ECF No. 51, 9-10.
[32] Resp. Mot. Summ. J., ECF No. 51, 9.
[33] Restatement (Second) of Judgments § 27 cmt. i (Am. Law Inst. 1982).
[34] *See, e.g., Samara v. Matar*, 419 P.3d 924, 929 (Cal. 2018); *Zevnik v. Superior Court*, 159 Cal. App. 4th 76, 83 (Cal. Ct. App. 2008).

6

alternative grounds, collateral estoppel could bar re-litigation of both grounds.[35] California followed this approach while the Restatement (First) of Judgments was in effect.[36]

Then, the Second Restatement departed from the first by adopting the Second Circuit's reasoning of *Halpern v. Shwartz*.[37] In *Halpern*, the court held that "[w]hen the prior judgment rested on several . . . independent, alternative grounds" none of the independent grounds has preclusive effect in later adjudication.[38] The *Halpern* court took this approach for two reasons.[39] First, it reasoned that if the trial court was sure enough about one ground, it might not rigorously consider an alternative ground.[40] Second, it reasoned that a litigant who lost on alternative grounds might not appeal an erroneous finding because "even if his claim of error were sustained, the judgment would be affirmed on one of the other grounds."[41]

Persuaded by this reasoning, Comment *i* of the Second Restatement states "[i]f a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone."[42]

Despite a general acceptance of the Second Restatement, several courts have shown a strong preference for the First Restatement's approach to judgements based on alternative grounds, some expressly rejecting Comment *i* and the *Halpern* reasoning.[43] For example, the

---

[35] Restatement (First) of Judgments § 68 cmt. n (Am. Law Inst. 1942).
[36] *See Evans v. Horton*, 251 P.2d 1013, 1016 (Cal. Ct. App. 1953) ("A judgment based on several grounds or points, each of which was put in issue by the pleadings and expressly decided, is conclusive as res judicata or estoppel as to each of such grounds or points.")
[37] *See Halpern v. Schwartz*, 426 F.2d 102, 105 (2d Cir. 1970); Restatement (Second) of Judgments (Am. Law Inst. 1982) (reporter's note to Comment *i*).
[38] *Halpern*, 426 F.2d at 105.
[39] *Id.*
[40] *Id.*
[41] *Id.*
[42] Restatement (Second) of Judgments § 27, cmt. i (Am. Law Inst. 1982).
[43] *See, e.g., Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 254 (3d Cir. 2006) (rejecting the Second Restatement's approach); *In re Livingston*, 368 B.R. 610, 621 (Bankr. E.D. Mich. 2007) (same); *Cisterra Partners, LLC v. The Irvine Co.*, 2005 WL 300056, at *17 (Cal. Ct. App. Feb. 9, 2005) (same).

bankruptcy court in *In re Livingston* applied collateral estoppel to bar re-litigation of a prior state court judgment resting on alternative grounds, one of which was fraud. The court stated "it cannot be said either that the adjudication of fraud was somehow incidental to the judgment or that it was not able to be given scrutiny by an appellate court."[44]

A California appellate court offered this instruction: "[I]n applying collateral estoppel, courts should not look to whether a judgment or order states several alternative grounds, but to whether the party to be collaterally estopped from litigating an issue has had 'the opportunity and motivation to fully litigate the issues underlying each ground.'"[45]

As observed by yet another court:

> While many jurisdictions have adopted one of the all-or-nothing approaches of the Restatements, a number of jurisdictions have attempted to craft hybrid approaches that are sensitive to the concerns animating the Second Restatement's rule, but that give preclusive effect to alternative findings when those concerns are allayed.[46]

Perhaps most adamantly opposed to the *Halpern* reasoning was the Third Circuit in *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, which stated:

> We are not persuaded by the rationale supporting the position of the Second Restatement. As a general matter, we are unconvinced that courts do, or should be assumed to, give less rigorous consideration to the alternative grounds they voice for their decisions. A determination that is independently sufficient to support a court's judgment is not incidental, collateral, or immaterial to that judgment, and it is reasonable to expect that such a finding is the product of careful judicial reasoning.[47]

---

[44] *In re Livingston*, 368 B.R. 610, 621 (Bankr. E.D. Mich. 2007).
[45] *Cisterra Partners, LLC v. The Irvine Co.*, 2005 WL 300056, at *17 (Cal. Ct. App. Feb. 9, 2005) (quoting *Wall v. Donovan*, 113 Cal. App. 3d 122, 126 (Cal. Ct. App. 1980).
[46] *In re Nageleisen*, 523 B.R. 522, 530–31 (Bankr. E.D. Ky. 2014) (citing, among others, Judge Friendly in *Williams v. Ward*, 556 F.2d 1143, 1154 (2d Cir. 1977)).
[47] *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 254 (3d Cir. 2006) (citing *Hicks v. Quaker Oats Co.*, 662 F.2d 1158, 1168 (5th Cir. 1981)) (internal quotes and citations omitted).

In fact, as noted by two California courts,[48] it does not appear that any California state courts have expressly adopted Comment *i*.

### 2. Comment *i* is not applicable to this case.

Even if California courts would apply Comment *i* to prevent application of collateral estoppel, Comment *i* is not applicable to these facts. Comment *i* applies only when a court of first instance finds alternative bases for a single judgment.[49] In other words, if a court found two alternative sets of facts that supported liability for a single cause of action, neither set of facts would bind a court in later litigation.[50] But Comment *i* doesn't address the scenario where one set of findings supports liability for more than one cause of action.

Illustration 15 to Comment *i* explains this distinction. Illustration 15 discusses a scenario where A first sues B to recover interest on a promissory note.[51] In that suit, the court finds that (1) A fraudulently induced B to execute the note and (2) A gave B a binding release of obligation to pay interest.[52]

After the note matures, A brings a second action against B for the principal of the note.[53] As the judgment in the first suit could have been based on the finding of a binding release alone, the finding of fraud doesn't have collateral estoppel effect in the second lawsuit because it wasn't necessary to the judgment.[54] In the illustration, the judgment was based on two completely different findings of fact—fraud and release from obligation.[55]

---

[48] *Flying J, Inc. v. Pistacchio*, CVF-03-6706 OWW GSA, 2008 WL 906396, at *42 (E.D. Cal. Mar. 31, 2008), aff'd, 351 Fed. Appx. 236 (9th Cir. 2009) ("independent research reveals no reported California decision discussing or applying *Comment i* to Section 27"); *Zevnik v. Superior Court*, 70 Cal. Rptr. 3d 817, 822 (Cal. Ct. App. 2008) ("We have found no California opinion on point dated after the Restatement Second.")
[49] *See* Restatement (Second) of Judgments, cmt. i, illus. 15 (Am. Law Inst. 1982).
[50] *See id.*
[51] *Id.*
[52] *Id.*
[53] *Id.*
[54] *Id.*
[55] *Id.*

9

Unlike Illustration 15, Dave's judgment was not based on alternative factual findings. Instead, the state court found a unitary set of facts that supported several causes of action, each premised on the same fraudulent conduct. Throughout its highly-detailed opinion, the state court emphasized its findings of intent to defraud.[56] In fact, the court devoted six pages solely to an explanation of the evidence that supported its finding of intent.[57] Then, when finding Baessler liable under each cause of action, the court explicitly based that liability on either an intent to defraud, or on fraudulent conduct that included an intent to defraud.[58] Thus, the finding of intent was not "incidental, collateral, or immaterial to [the] judgment."[59] Instead, the finding of intent was critical to the judgment.

Comment *i* also doesn't apply to the punitive damages award because that additional award was based on a single cause of action.[60] And the state court's decision makes clear that it awarded the punitive damages solely based on Baessler's fraud.[61]

### 3. Fraud was "necessarily decided" by the state court.

As noted above, Baessler argues that because contractor fraud alone would support the judgment, and contractor fraud does not require intent to defraud, any such finding was not "necessarily decided."[62] But the text of the contractor fraud statute includes "fraudulent representations" as a basis for liability.[63] And it is clear from the court's opinion that liability for

---

[56] *See, e.g.,* Mot. Summ. J., ECF No. 30, Ex. 2:10, 11-18, 26, 27, 29-31.
[57] Mot. Summ. J., ECF No. 30, Ex. 2:12-18.
[58] *See* Mot. Summ. J., ECF No. 30, Ex. 2:10 (finding liability for deceit, which requires intent to defraud), 30 (finding liability for fraudulent concealment because "Baessler intended to deceive Plaintiff by concealing these facts"), 31 (finding liability for actual fraud because Baessler "made the representations and concealed facts with the intent that Plaintiff would rely upon them"), 32 (finding liability for contractor fraud because Plaintiff was "fraudulently induced to enter into a contract with Baessler").
[59] *See Halpern v. Schwartz,* 426 F.2d 102, 105 (2d Cir. 1970).
[60] Mot. Summ. J., ECF No. 30, Ex. 2:33 (additional award based on Civil Code Section 3294(a)).
[61] Mot. Summ. J., ECF No. 30, Ex. 2:33 ("Plaintiff is entitled to an award of punitive damages against Baessler because the court finds clear and convincing evidence that Baessler engaged in rampant fraud and that fraud was the cause of Plaintiff's damages.")
[62] *See* Cal. Bus. & Prof. Code § 7160; Resp. Mot. Summ. J., ECF No. 51, 9-10.
[63] Cal. Bus. & Prof. Code § 7160.

all causes of action, including contractor fraud, was based on the fraudulent representations.[64] This fraudulent conduct included an intent to defraud,[65] and was certainly necessary to each cause of action that supported the judgment.[66]

Baessler also argues that the awards of attorney's fees and punitive damages are not preclusive because the causes of action on which they were based do not require a finding of intent to defraud.[67] He cites *Plyam v. Precision Dev., LLC (In re Plyam)*[68] for the proposition that punitive damages awards require a specific finding of intentional malice or fraud.[69] In *Plyam,* the punitive damages award was based on a disjunctive finding of "malice, oppression or fraud" and any one of those three findings could have provided a basis for the award.[70] Because a finding of "oppression" didn't require the subjective intent needed to make the debt nondischargeable, collateral estoppel didn't apply.[71]

Not so here. These punitive damages and attorney's fees awards, although based on different causes of action, were both premised on the unitary finding that Baessler committed fraudulent misrepresentations. And that finding required intent. The perverseness of Baessler's argument is that he would displace the actual findings made by the state court, findings that supported each basis for liability, with hypothetical findings that didn't include intent.

Because the findings of intent were necessary to the state court's fraud findings and the fraud findings were the basis for the judgment, the judgment meets all the elements of collateral estoppel.

---

[64] Mot. Summ. J., ECF No. 30, Ex. 2:10, 29, 31, 32.
[65] Mot. Summ. J., ECF No. 30, Ex. 2:10, 27, 29, 30-31.
[66] Mot. Summ. J., ECF No. 30, Ex. 2:12-18.
[67] Resp. Mot. Summ. J., ECF No. 51, 10-11.
[68] *Plyam v. Precision Dev., LLC (In re Plyam)*, 530 B.R. 456 (B.A.P. 9th Cir. 2015).
[69] Resp. Mot. Summ. J., ECF No. 51, 10; *Plyam*, 530 B.R. at 465.
[70] *Plyam*, 530 B.R. at 464-65.
[71] *Id.* at 465.

### 4. The appellate court's decision also supports preclusion.

But even if the trial court's findings of intent to defraud did not have preclusive effect standing alone, the appellate court's explicit affirmation of deceit and the attorney's fees gives preclusive effect to those findings.[72]

The Restatement (Second) of Judgments, Comment *o*, suggests that where a judgment rests on more than one ground, any ground upheld on appeal should be preclusive:

> If the judgment of the court of first instance was based on a determination of two issues, either of which standing independently would be sufficient to support the result, and the appellate court upholds both of these determinations as sufficient, and accordingly affirms the judgment, the judgment is conclusive as to both determinations. In contrast to the case discussed in Comment *i*, the losing party has here obtained an appellate decision on the issue, and thus the balance weighs in favor of preclusion. If the appellate court upholds one of these determinations as sufficient but not the other, and accordingly affirms the judgment, the judgment is conclusive as to the first determination.[73]

Baessler appealed the trial court judgment, arguing that the fraud finding was unsupported by substantial evidence of justifiable reliance.[74] The appellate court affirmed this judgment, finding that "there was substantial evidence that Plaintiff reasonably and justifiably relied on Baessler's purported status as a licensed contractor."[75] Of the four causes of action for which the trial court found Baessler liable, the only one that specifically required justifiable reliance was deceit.[76] Thus, the finding of deceit—which closely mirrors fraud under section 523(a)(2)(A)—was necessarily affirmed on appeal, and carries collateral estoppel effect.[77]

---

[72] *See* Mot. Summ. J., ECF No. 30, Ex. 5; *Zevnik v. Superior Court*, 159 Cal. App. 4th 76, 84 (Cal. Ct. App. 2008); Restatement (Second) of Judgments § 27, cmt. o (Am. Law Inst. 1982).
[73] Restatement (Second) of Judgments, cmt. o (Am. Law Inst. 1982).
[74] Mot. Summ. J., ECF No. 30, Ex. 5:15.
[75] Mot. Summ. J., ECF No. 30, Ex. 5:18.
[76] *See* Mot. Summ. J., ECF No. 30, Ex. 2:10; Cal. Civil Code § 1710; Cal. Civil Code § 1572; Cal. Bus. & Prof. Code § 7160.
[77] *See* Mot. Summ. J., ECF No. 30, Ex. 2:10; *See In re Acosta*, 406 F.3d 367, 372 (5th Cir. 2005); *Engalla v. Permanente Medical Group, Inc.* 938 P.2d 903, 917 (Cal. 1997). The Supreme Court of California recently ruled that if an appellate court rules on one alternative ground but does not reach the other, only the ground ruled on is

So too with the award of attorney's fees. This award was also explicitly affirmed on appeal giving it collateral estoppel effect.[78]

### 5. Giving preclusive effect to the prior judgment is consistent with the underlying policies of the doctrine.

Baessler argues that even if the judgment satisfies the elements of collateral estoppel, it should not be applied because it is against public policy.[79] The policies underlying collateral estoppel in California are (1) preservation of the integrity of the judicial system; (2) promotion of judicial economy; and (3) protection of litigants from harassment by vexatious litigation.[80]

Here, the state court conducted a ten-day trial and determined that Baessler was liable for fraud.[81] Its 45-page opinion explains in detail the evidence supporting its findings.[82] To repeat such a proceeding would harm judicial economy and would constitute vexatious litigation. These considerations both weigh strongly in favor of applying collateral estoppel.

Still, Baessler contends that applying collateral estoppel here would be counter to the Bankruptcy Code's policy of providing the debtor with a fresh start.[83] But that fresh start is limited to the "honest but unfortunate debtor,"[84] because debt obtained through fraud is nondischargeable.[85] Here, the state court entered a judgment for fraud against Baessler. Excepting this judgment from his discharge is supported by the policies underlying the Bankruptcy Code and the text of the Bankruptcy Code itself.

---

preclusive. *Samara v Matar*, 419 P.3d 924, 932-33 *overruling People v. Skidmore*, 27 Cal. 287 (1865). Here, the ground reached by the appellate court's reliance ruling is deceit, the ground that matters for this section 523 suit.

[78] Because Baessler did not appeal the punitive damage award, Comment *o* does not apply. But, as mentioned above, that award was not an alternative basis for the judgment; it was based on its own separate cause of action so Comment *i* also doesn't apply.

[79] Resp. Mot. Summ. J., ECF No. 51, 11-12.
[80] *Lucido v. Superior Court*, 795 P.2d 1223, 1226-27 (Cal. 1990).
[81] Mot. Summ. J., ECF No. 30, Ex. 5:2 (appellate decision); Reply Resp. Summ. J., ECF No. 52, 15-16.
[82] Mot. Summ. J., ECF No. 30, Ex. 2.
[83] Resp. Mot. Summ. J., ECF No. 51, 11-12.
[84] *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991) (citing *Local Loan Co. v. Hunt*, 292 U.S. 234 (1934)).
[85] 11 U.S.C. § 523(a)(2)(A).

Baessler has one more argument against giving the judgment preclusive effect. He claims that Dave lacked standing to sue Baessler because the contract was with Millennium Products, Inc., not Dave.[86] But the state court heard this argument too and found that Dave had standing.[87] And this finding wasn't challenged on appeal. Allowing Baessler to use the bankruptcy court to, in effect, appeal a finding that he could have raised before the state appellate court would be contrary to all three of collateral estoppel's policy goals.

### B. Punitive Damages and Attorney's Fees

Baessler argues that even if the debt for compensatory damages is nondischargeable, the awards for attorney's fees and punitive damages are dischargeable.[88] As discussed above, the judgment for punitive damages and attorney's fees is entitled to collateral estoppel effect, but whether that debt is dischargeable is another question.

In fact, this question resulted in a split between the circuits. In *In re Levy*, the Ninth Circuit held that the language "to the extent obtained by" in section 523(a)(2)(A) modifies "any debt," rather than "money," and thus section 523(a)(2)(A) does not preclude discharge of punitive damages.[89] But the Eleventh Circuit disagreed and held that "to the extent obtained by" modifies "money" rather than "any debt," thus holding that section 523(a)(2)(A) precludes discharge of punitive damages.[90]

Fortunately, the Supreme Court settled this issue in *Cohen v. De La Cruz*, where it found that section 523(a)(2)(A) excepts from discharge any debt arising from fraud, including liability for "treble damages, attorney's fees, and other relief that may exceed the value obtained by the

---

[86] Resp. Mot. Summ. J., ECF No. 51, 12.
[87] Mot. Summ. J., ECF No. 30, Ex. 2:4-5.
[88] Resp. Mot. Summ. J., ECF No. 51, 11-12.
[89] *In re Levy*, 951 F.2d 196, 198 (9th Cir. 1991).
[90] *In re St. Laurent*, 991 F.2d 672, 679-80 (11th Cir. 1993).

debtor."[91] In doing so, the Court acknowledged that a judgment for treble damages constitutes a debt.[92] Next, the Court agreed with the Eleventh Circuit that the phrase "to the extent obtained by" in section 523(a)(2)(A) modifies "money," not "any debt."[93] Thus, the exception to discharge applies to any debt for money obtained by fraud.[94] Finally, the Court held that "[o]nce it is established that specific money or property has been obtained by fraud . . . 'any debt' arising therefrom is excepted from discharge."[95] And so the Supreme Court abrogated the Ninth Circuit's decision in *In re Levy*.[96]

Here, the state court awarded punitive damages under California Civil Code § 3294(a), which authorizes punitive damages when the defendant committed fraud.[97] In its opinion, the state court held: "Plaintiff is entitled to an award of punitive damages against Baessler because the court finds clear and convincing evidence that Baessler engaged in rampant fraud and that fraud was the cause of Plaintiff's damages."[98] So the punitive award is "debt" that arose from "money obtained by" Baessler's fraud.

Similarly, Dave's award of attorney's fees was authorized by the California contractor fraud statute.[99] Because contractor fraud need not require intent to defraud, Baessler argues that he can litigate the dischargeability of attorney's fees.[100] As discussed above, the state court based

---

[91] *Cohen v. De La Cruz*, 523 U.S. 213, 223 (1998). The Court suggested that there may be a difference between treble damages and punitive damages. *Cohen*, 523 U.S. at 216 ("The Bankruptcy Court characterized an award of treble damages under the New Jersey Consumer Fraud Act as punitive in nature . . . . That issue does not affect our analysis, and we have no occasion to revisit it here.") But this Court found no cases making this distinction. Other courts have consistently applied the reasoning in *Cohen* to awards for punitive damages. *See, e.g., In re Simpson*, 226 B.R. 284 (B.A.P. 10th Cir. 1998); *In re Rountree*, 478 F.3d 215, 221-22 (4th Cir. 2007).
[92] *Cohen*, 523 U.S. at 218.
[93] *Id*.
[94] *Id*.
[95] *Id*.
[96] *See In re Cobe*, 229 B.R. 15, 18 (B.A.P. 9th Cir. 1998) ("*Levy* was specifically mentioned by the Supreme Court as standing for the proposition that the Court ultimately rejected.")
[97] Mot. Summ. J., ECF No. 30, Ex. 2:33; Cal. Civil Code § 3294(a).
[98] Mot. Summ. J., ECF No. 30, Ex. 2:33.
[99] Cal. Bus. & Prof. Code § 7160; Mot. Summ. J., ECF No. 30, Ex. 3:2.
[100] Resp. Mot. Summ. J., ECF No. 51, 10-11.

liability under the contractor fraud statute on Baessler's fraudulent misrepresentations, so this liability, including the award of attorney's fees, is a debt that arose from money obtained though fraud.[101]

Because the punitive damages and attorney's fee awards are debts that arose from money that Baessler obtained by fraud, they are also nondischargeable under section 523(a)(2)(A).[102]

**III. Conclusion**

For the reasons stated above, the motion for summary judgment is granted.

---

[101] *See* Cal. Bus. & Prof. Code § 7160; Mot. Summ. J., ECF No. 30, Ex. 2:10, 29, 31, 32.

[102] *See also In re Kirk*, 525 B.R. 325, 332 (Bankr. W.D. Tex. 2015) (this Court held an award for attorney's fees nondischargeable when it arose from the same conduct as that of a debt held to be nondischargeable under section 523(a)(4)).